UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MOHSEN REZAKHAN KHEJETI,<br><br>                  Plaintiff,<br><br>    v.<br><br>ERIC HOLDER, JR., JANET NAPOLITANO, and A. NEIL CLARK,<br><br>                  Defendants. | No. C10-5588 RJB/KLS<br><br>**REPORT AND RECOMMENDATION**<br>**Noted For:  December 10, 2010** |

This civil rights action has been referred to the undersigned United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4.

It has been more than sixty days since the court's latest mailings to Plaintiff were returned and the court does not have a current address for the Plaintiff.  Therefore, the undersigned recommends that the court dismiss this action as Plaintiff appears to have abandoned his case.

**DISCUSSION**

On August 20, 2010, Plaintiff filed a proposed "Petition for a Class Action Lawsuit by All Detainees," "Request for Appointment of Counsel," and 'Request to Enjoin." ECF No. 1. The Petition was not signed.  Plaintiff did not pay a filing fee or submit an application to proceed *in forma pauperis.*  *Id.*  By letter dated August 26, 2010, the Clerk advised Plaintiff that he must

REPORT AND RECOMMENDATION - 1

pay the full filing fee[1] or submit an application to proceed *in forma pauperis* and that he must sign his petition and provide service copies.  ECF No. 2.  That letter was mailed to the Plaintiff at his last known mailing address at the Northwest Detention Center in Tacoma, Washington.  The letter was returned to the court marked "not deliverable as addressed/unable to forward."  ECF No. 3.

Plaintiff has not notified the court of his current address.  Local Rule 41(b)(2) states:

> A party proceeding pro se shall keep the court and opposing parties advised as to his current address.  If mail directed to a pro-se plaintiff by the clerk is returned by the post office, and if such plaintiff fails to notify the court and opposing parties within sixty days thereafter of his current address, the court may dismiss the action without prejudice for failure to prosecute.

This action has existed more than sixty days without a current address for the Plaintiff.  Dismissal without prejudice for failure to prosecute is appropriate.  Accordingly, the undersigned recommends **DISMISSAL WITHOUT PREJUDICE** for failure to prosecute pursuant to Local Rule 41(b)(2).

## CONCLUSION

The Court should dismiss this action without prejudice as Plaintiff has left no forwarding address and appears to have abandoned the case.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections.  *See also* Fed. R.Civ.P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985).  Accommodating the

---

[1] The clerk erroneously referred to a $5.00 filing fee applicable to habeas petitions.  Plaintiff filed a proposed § 1983 civil rights petition.

REPORT AND RECOMMENDATION - 2

time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **December 10, 2010**, as noted in the caption.

DATED this  17th  day of November, 2010.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3